**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANGELA RENDEROS-ABREGO, | No.   16-70193 |
| Petitioner, | Agency No. A099-525-181 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2022[**]

Before:    SILVERMAN, WATFORD, and FORREST, Circuit Judges.

Angela Renderos-Abrego, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen.

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010).  We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Renderos-Abrego's second motion to reopen as untimely and number-barred, where she failed to establish that she qualified for an exception to the time and number bars.  *See* 8 C.F.R. § 1003.2(c)(1), (3)(ii); *Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008) (evidence must demonstrate prima facie eligibility for relief to warrant reopening based on changed country conditions).

To the extent that Renderos-Abrego challenges the BIA's underlying dismissal order and its denial of her first motion to reopen, we lack jurisdiction to consider her arguments because this petition for review was filed more than 30 days after those decisions.  *See* 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal."); *see also Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003) (30-day deadline is "mandatory and jurisdictional").

We lack jurisdiction to review the BIA's denial of sua sponte reopening, where Renderos-Abrego has not raised a legal or constitutional error.  *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) ("[T]his court has jurisdiction to review Board decisions denying *sua sponte* reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error.").

16-70193

We also lack jurisdiction to consider the BIA's denial of Renderos-Abrego's request for prosecutorial discretion. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order).

The temporary stay of removal remains in place until the issuance of the mandate.

**PETITION FOR REVIEW DENIED, in part; DISMISSED, in part.**